UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH LAPPRICH,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

Case No. 15-13290

HON. AVERN COHN

**MEMORANDUM AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS IN PART (Doc. 20)
AND
ADOPTING REPORT AND RECOMMENDATION IN PART (Doc. 19)
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 11)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)
AND
DISMISSING CASE**

**I.**

This is a Social Security case. Plaintiff Ruth Lapprich (Lapprich) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits (benefits). Lapprich claims disability since 2009 as a result of a left hip injury, fibromyalgia depression, fatigue, cervical neck pain/injury, lymphedema, migraines, hypoglycemia, thoracic back pain and kidney stones. The matter has been referred to a magistrate judge for pretrial proceedings. (Doc. 5). The parties filed cross motions for summary judgment. See Docs. 11, 13.

The magistrate judge issued a report and recommendation (MJRR), recommending that Lapprich's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. (Doc. 19). The magistrate judge also recommends that the Court take "corrective measures," i.e. sanctions or referral for disciplinary proceedings, against Lapprich's counsel. See MJRR at p. 34.

Before the Court are Lapprich's objections to the MJRR. For reasons that follow, the objections will be overruled in part, the MJRR will be adopted in part, Lapprich's motion will be denied, the Commissioner's motion will be granted, and this case will be dismissed.

## II.

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which

the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**III.**

Lapprich has raised substantive objections to the MJRR and has responded to the magistrate judge's recommendation for corrective measures. (Doc. 20). The Commissioner filed a response to the objections, essentially arguing that the magistrate judge correctly evaluated the evidence in concluding that Lapprich is not disabled. (Doc. 21). The response says nothing about the recommendation for corrective measures.

As to Lapprich's substantive objections, they simply repeat the arguments considered and rejected by the magistrate judge. The magistrate judge carefully and fully evaluated the evidence of disability and thoroughly explained why substantial

evidence supports the Commissioner's decision. There is no need to repeat the magistrate judge's analysis or conclusion.

However, the Court declines to impose corrective measures at this time as recommended in light of Lapprich's counsel's response on the issue. See Doc. 20 at p. 2-3. Thus, this portion of the MJRR is rejected.

## IV.

For the reasons stated above, Lapprich's objections are OVERRULED IN PART. The MJRR is ADOPTED IN PART as the findings and conclusions of the Court consisted with this decision. Lapprich's motion for summary judgment is DENIED. The Commissioner's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 10, 2016
       Detroit, Michigan